IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL F. KISSELL,
    Plaintiff,
    v.
COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS, and
PENNSYLVANIA STATE CORRECTIONS
OFFICERS ASSOCIATION,
    Defendants

Case No. 3:15-cv-58-KRG-KAP

Report and Recommendation

Recommendation

Pending is the second motion to dismiss of defendant Pennsylvania State Corrections Officers Association, docket no. 29. I recommend that it be granted.

Report

To briefly recapitulate the history of this matter, in March 2015 plaintiff Michael Kissell filed a *pro se* complaint attempting to state claims under 42 U.S.C.§ 1983 and Title VII against the Pennsylvania Department of Corrections and the Pennsylvania State Corrections Officer Association. By May 2015 the DOC and PSCOA had filed motions to dismiss that I recommended be granted. docket no. 20, Report and Recommendation of May 6, 2015. I expressly granted plaintiff leave to amend.

Plaintiff filed a document styled "Plaintiff reply to Report and Recommendation Filed by The Honorable Judge Pesto," that the Court considered both as objections and as an amendment to the complaint and found inadequate to cure the defects in the

complaint. The Court granted the motions to dismiss in June 2015, docket no. 22, directing that no **further** leave to amend be granted.

In December 2015, a nonprecedential *per curiam* opinion of the Court of Appeals affirmed in part, vacated in part, and remanded for amendment of the Title VII claims on the mistaken premise that the District Court had "dismissed Kissell's complaint without leave to amend." docket no. 26-2 at 7. In fact Kissell was granted leave to amend, the Court considered his Reply as an amendment, and the unsigned opinion of the Court of Appeals recognized that the Court had done so. docket no. 26-2 at 4 ("[The plaintiff filed the Reply which] appears to be a hybrid amended complaint/written objections. The District Court conducted a de novo review of the record... ." )

The precedential opinions of the Court of Appeals, e.g. Grayson v. Mayview State Hospital, 293 F.3d 103 (3d Cir.2002), direct District Courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." Neither term is defined in any precedential opinion. Nor is there precedential authority for the proposition that the Court expressly set out reasons for its decision that amendment would be futile or inequitable, as the *per curiam* opinion suggests is a requirement. See docket no. 26-2 at 7.

As to "futile:" as I have said before, it is always possible by allowing a complete do-over for a plaintiff to allege

2

some claim against some defendant: I have been reversed on the reasoning that although there was no excessive force claim against the named defendant, if I had told the plaintiff who the right defendants were he could have stated a claim against them; I have been reversed on a <u>Hudson v. Palmer</u> destruction of paperwork claim with the captious admonition that plaintiff might be able to amend to state an infringement of copyright claim. But when, given what plaintiff has already asserted, no reasonable amendment within the scope of the general fact pattern set out in the original complaint will state a federal claim against the defendants actually named, amendment is futile.

This case presents a textbook example of futile when it comes to the moving defendant, the PSCOA. Title VII prohibits a union from discriminating against a member, including by failing to assert founded claims of discrimination in grievance proceedings with the employer, <u>Goodman v. Lukens Steel Co.</u>, 482 U.S. 656, 667 (1987), but as <u>Goodman v. Lukens Steel</u> illustrates, that decision by the union not to advocate for the employee must itself be discriminatory. It is not sufficient for a plaintiff to allege that there was discriminatory conduct in the workplace that would support a Title VII claim against the employer and that the union failed to press the issue. <u>EEOC v. Pipefitters Ass'n Local Union 597</u>, 334 F.3d 656, 660 (7th Cir.2003)(collecting cases). Plaintiff's two mentions of the defendant union in the Amended

3

Complaint are related to alleged failures by union personnel to help him secure help with his previous litigation, see ¶¶100, 101; plaintiff also mentioned an incident related to the union only in that it took place at the union hall, ¶114. Plaintiff has not alleged a vague claim that further detail would flesh out: plaintiff has alleged no claim except those already reviewed and dismissed and on appeal reviewed and dismissed. And as the moving defendant asserts, plaintiff never named the union in his EEOC charge. Permitting further amendment is futile because ultimately this defendant would have to be dismissed for plaintiff's failure to exhaust administrative remedies.

As to "inequitable:" as I have said before, pleading even by *pro se* plaintiffs should not be a process of trial and error. The circuit-level amendment of Fed.R.Civ.P. 12 began in the 1980s, see e.g. District Council 47, AFSCME v. Bradley, 795 F.2d 310 (3d Cir.1986) as a counterpoise to the contemporary circuit-level amendment of Fed.R.Civ.P. 8 to cope with *pro se* civil rights cases, including the unrelated explosion in inmate litigation. That effort required civil rights plaintiffs to plead their claims with a greater degree of specificity than the 1957 Conley v. Gibson standard. When in 1993 Leatherman v. Tarrant County put an end to unauthorized amendment of Rule 8, the original rationale for the unauthorized amendment of Rule 12 ended as well.

The precedent requiring trial courts to invite amendment of inadequate *pro se* or counseled civil rights complaint lived on, however, in large part because courts of appeal found a new target in the 1990s, the Prison Litigation Reform Act. The PLRA's 1996 amendment of 28 U.S.C.§ 1915 and its addition of 28 U.S.C.§ 1915A together impose a duty on trial courts to screen many civil rights complaints *sua sponte* and to dismiss inadequately pleaded claims. As a casual review of academic literature will show, this vexes many appellate judges and the staff law clerks who draft many unsigned opinions because they 1) are hostile to Congress' policies embodied in the PLRA; 2) are hostile to the now general requirement imposed in the 2000s by <u>Bell Atlantic v Twombly</u> and <u>Ashcroft v. Iqbal</u> that any adequate complaint must contain a short plain statement of the facts showing that there is a plausible claim that the named defendant has indeed violated some right of plaintiff's; or 3) do not trust that the trial courts are taking seriously the 1972 admonition in <u>Haines v. Kerner</u> to interpret inartfully pleaded complaints liberally. I cannot help with the first two, but I and my colleagues who screen the bulk of *pro se* filings take our duties quite seriously.

It is *prima facie* inequitable to require a defendant to hit a constantly moving target. Plaintiff filed an inadequate complaint. Plaintiff was invited to file an amendment to that complaint after defendants had to go to the expense of filing

5

motions (motions necessarily found meritorious, otherwise no amendment would be necessary) to dismiss. Plaintiff filed, with an ambiguous title, a document that the Court considered as an amended complaint and found inadequate. The *per curiam* opinion recognized that is what the Court had done but found it error that the Court did not invite, see docket no. 26-2 at 6-7, further amendment. On remand the plaintiff has submitted a third iteration of the complaint. The union defendant has been and the employer defendant may be put to the expense of filing a second round of motions to dismiss.

It is inequitable to allow any further amendment for two reasons. From the standpoint of providing equal justice there is an expense to defendants to shadowbox repeatedly with a vague and inadequate complaint - two counts of which were already dismissed and the dismissal of which was already affirmed in an opinion that agreed that the counts were "difficult to decipher" and "vague and too speculative to survive dismissal" - that plaintiff resubmitted without deleting or even editing of the dismissed counts. Plaintiff's amended complaint at docket no. 27 resubmits the first 81 paragraph complaint at docket no. 1 and adds ¶¶ 82-119 and a four-page stream of consciousness narrative connecting all of plaintiff's accusations to an undefined "conspiracy" relating to his previous litigation. No mention of the union defendant appears to have relevance to anything other than plaintiff's effort to seek
6

further relief relating to litigation that ended more than a decade ago.

Second, amendment is inequitable when it causes excessive consumption of scarce judicial time. Rule 12 already presumptively decides what is equitable by prescribing one round of motions to dismiss, which implies that allowing no amendment once a motion to dismiss is filed would be an equitable choice. The precedents mentioned above clearly require one round of mulligans. The *per curiam* opinion of the Court of Appeals in this case ordered a second do-over. But plaintiff, if allowed to amend further, would be on his fourth version of a complaint. At some point a non-indigent non-inmate plaintiff who chooses to litigate *pro se* because he distrusts attorneys or cannot find one who believes his claims have merit needs to allege facts or face final dismissal.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 25 February 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Michael F. Kissell
1027 Quincy Drive
Greensburg, PA 15601