IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL F. KISSELL,            :
          Plaintiff,           :
          v.                   :      Case No. 3:15-cv-58-KRG-KAP
COMMONWEALTH OF PENNSYLVANIA   :
DEPARTMENT OF CORRECTIONS, and :
PENNSYLVANIA STATE CORRECTIONS :
OFFICERS ASSOCIATION,          :
          Defendants           :

Report and Recommendation

Recommendation

Pending is the second motion to dismiss of defendant
Pennsylvania Department of Corrections, docket no. 38. I recommend
that it be granted.

Report

I recounted the procedural history of this matter in my
recent Report and Recommendation addressing the co-defendant's
motion to dismiss. See docket no. 36, Report and Recommendation
of February 25, 2016. To repeat only the necessary points,
plaintiff Michael Kissell's original complaint attempted to state
42 U.S.C.§ 1983 and Title VII claims against two defendants, the
Pennsylvania Department of Corrections and the Pennsylvania State
Corrections Officer Association. The DOC and PSCOA filed motions
to dismiss, I recommended that those motion be granted, the Court
agreed, and the Court of Appeals affirmed in part, vacated in part,
and remanded for amendment of the Title VII claims.

The Court of Appeals' opinion discussed what it referred
to as the plaintiff's "purported § 1983 claim" in footnote 5 on

page 6, but did not expressly affirm the dismissal of the complaint as to any Section 1983 claim. For purposes of this Report and Recommendation I accept plaintiff's assumption, see Plaintiff's brief, docket no. 41 at ¶3, that the opinion's mandate to ask for amendment of the Title VII claims also invited amendment of any attempt to state a Section 1983 claim. However, considering the original complaint, the amended complaint, and every other pleading filed by plaintiff as part of one attempt to state a claim, plaintiff does not and cannot state a Section 1983 claim against the DOC because the DOC is not a "person" amenable to suit under 42 U.S.C.§ 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

Additionally, the Eleventh Amendment bars this court from exercising jurisdiction over a suit against the Commonwealth or its branches, see Edelman v. Jordan, 415 U.S. 651 (1974), including the DOC. No amendment of the complaint to attempt a Section 1983 claim against the moving defendant is allowed because amendment would be futile.

As far as the Title VII claim is concerned, the amended complaint does not cure the defects of the original complaint. The plaintiff originally checked off form complaint indicating claims that the DOC violated Title VII by discriminating against him on the basis of race, gender, disability, and "other conduct" specified as "Following orders of management and ordered to cease

from proceeding through the Chain of command involving reported harassment of staff and other violations of law." docket no. 1, ¶9. In the 10-page statement in support of that complaint plaintiff made the confusing statement at ¶28 that "Plaintiff was subject to verbal, visual physical conduct of a sexual nature and unwelcome sexual advances and improper reinstatement procedures failing the application of assignment of benefits entitled by the Union bargaining agreement," stated at ¶30 that "Plaintiff reported problems that were of a sexual nature involving the Harassment of female co-workers by staff... ," and alleged at ¶59 that "defendants have moved in a continuing manner of hostility and violations to the plaintiff by failing to abide by management directives and reporting procedures to cover-up drug problems involving staff, sexual contact by staff with inmates, death of inmates by negligence and sexual harassment by management level employee's on their subordinates [sic]." See also ¶67. It appears from the location of these paragraphs in the narrative that these allegations (or at least the first two) may have been part of the lawsuit plaintiff tried before Judge Lancaster in 2002, but in any case the allegations were, in the Court of Appeals' words, lacking in "the who, what, when, and where that will enable an assessment of his claims." docket no. 26-2 at 7.

The amended complaint, docket no. 27, re-filed the above paragraphs without change. There are attempts by plaintiff to make

3

factual allegations in ¶83 (events in 2005-06), ¶86 (event in 2007), ¶89-90 (events in 2008-10), ¶99 (undated events), ¶102 (event in 2011), perhaps in ¶113 (I cannot decipher this paragraph, which mentions the date of 2013) involving attempts by plaintiff to report sexual harassment to his superiors, which plaintiff plainly intends to support a claim that he was discriminated against in retaliation for advocating on behalf of persons being discriminated against on the basis of sex (except for ¶97, which alleges an undated incident of direct sexual harassment). The plaintiff does not even argue that there are sufficient allegations to permit an inference of discrimination on the basis of plaintiff's sex, race, or disability.

Plaintiff clearly wishes to assert a Title VII retaliation claim, and 42 U.S.C.§ 2000e-3(a) provides:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

To allege a retaliation claim a plaintiff must allege facts permitting three inferences: 1) that he opposed (in plaintiff's case by reporting to his superiors) conduct that he reasonably believed to be unlawful under Title VII; 2) that the employer took adverse employment action against him; and most importantly 3) that there was a causal connection between his protected opposition and

4

the adverse employment action.  See Moore v. City of Philadelphia,
461 F.3d 331, 340-41 (3d Cir.2006).

Although the plaintiff does not provide the who, what,
or when in any detail as to the first element of a retaliation
claim it is clear that he asserts that he engaged in protected
conduct by alerting superiors to what he believed were instances
of sexual harassment.  Plaintiff asserts that he reported other
episodes of unlawful conduct or mismanagement allegedly going on
within the Pennsylvania Department of Corrections as well, but
Title VII is not a generalized whistleblower statute.

Plaintiff continues in his amended complaint to assert
that he was never fairly compensated by the award in his previous
lawsuit.  Assuming plaintiff's factual allegations are true, his
claim was adjudicated in the previous lawsuit and the allegedly
improper actions of plaintiff's former counsel or of counsel from
the Attorney General's Office in failing to comply with plaintiff's
understanding of the award in that lawsuit cannot constitute
adverse employment action that would support a new claim against
the DOC: that is one thing the previous round of dismissal and
appeal clearly settled.

Plaintiff's only allegations of adverse action relating
to any protected activity are conclusory assertions of "hostility,"
the claim that on on or more occasions someone in a control station
was slow to open doors for him when he was working as a corrections

officer, and the allegation that before retiring in 2014 plaintiff moved to a position in the prison commissary in 2012. As to this last, it appears that plaintiff bid for the position in the commissary and may not even be asserting that moving to the commissary was adverse action.

As for the third element, plaintiff makes a conclusory allegation in the narrative following ¶119 that any unpleasant interactions with any supervisor or fellow employee were due to "retaliation." Even this, however, veers off from attempting to relate the adverse action to the allegations of advocacy against sexual harassment, to asserting the claim that the hostility that he experienced was "orchestrated" because of his successful lawsuit. See docket no. 27 at 7, especially the last paragraph. While retaliation against plaintiff for a past lawsuit would undoubtedly be in violation of Title VII, plaintiff does not by mixing and matching events and claims - for instance, plaintiff alleges that the adverse employment action was the DOC's refusal (not allegedly the responsibility of anyone at S.C.I. Laurel) to pay plaintiff what plaintiff believed the award in the prior lawsuit required - make any plausible allegation that anyone at S.C.I. Laurel was hostile towards him **because of** that prior lawsuit. A claim that a "conspiracy" was "orchestrated" as "retaliation" is, after Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), a conclusion of law and not an allegation of fact.

6

Proceedings are now at the point at which they were in the previous iteration of the complaint, with plaintiff's complaint reviewed and found inadequate. The question once more is whether it is futile or inequitable to allow plaintiff to try yet again. Plaintiff quotes the panel opinion that this court "must" allow amendment, and furthermore that because he does not have the ability to understand the law, see docket no. 41 at ¶2, the Court should "assign" plaintiff an attorney, ¶17.

Further amendment as to the Title VII claim is inequitable for the reasons already stated in the Report and Recommendation at docket no. 36. As for appointment of counsel (which would imply that the Court must already have decided to permit yet another amendment), Local Civil Rule 10(C) provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." That local rule was crafted by the district judges after consideration of the circumstances in the Western District of Pennsylvania, that there are few attorneys who will take *pro bono* cases and that the scarce pool of attorneys should be reserved for claims of enough merit to withstand summary judgment but in which a plaintiff may be tripped up at trial by evidentiary rules. The phrase "appointment of counsel" should not be misunderstood: attorneys can be asked but not compelled to represent litigants, so the Court's role in the process locally is to refer a request

7

to the Clerk, who then sends notice to the next volunteer on the panel, asking if counsel will review the matter and reply with an acceptance or declination of appointment. The appointment of counsel process does not imply court endorsement of a claim, but frankly if the district courts had any bias in resolving such motions it would be in favor of appointment because it benefits the court to have a plaintiff's attorney who can engage in settlement negotiations or streamline a case to reduce the expenditure of judicial time in a case.

The Court of Appeals recognizes that " volunteer lawyer time is a precious commodity," Parham v. Johnson, 126 F.3d 454, 458 (3d Cir.1997), and for that reason the threshold question in considering appointment of counsel is whether the plaintiff's claim has arguable merit in fact and law. See e.g. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir.2002). In no case is there support for the suggestion that the circuit's jurisprudence following Tabron v. Grace, 6 F.3d 147 (3d Cir.1993), the local rules, or Title VII itself, see 42 U.S.C.§ 2000e-5(f)(1), contemplate appointment of counsel for the purpose of assisting a non-incarcerated, non-indigent plaintiff, who does not allege that he is unable to search for his own attorney, where that plaintiff is unable after repeated attempts to assert a claim.

8

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to file written objections to this Report and Recommendation.

DATE: 21 March 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Michael F. Kissell
1027 Quincy Drive
Greensburg, PA 15601